UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL AZCONA, | : |
| Plaintiff, | : Case No. 2:19-cv-13400 (BRM) |
| v. | : **MEMORANDUM ORDER** |
| P.O. RUBEN MARTINEZ, et al., | : |
| Defendants. | : |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Daniel Azcona ("Plaintiff"), a pre-trial detainee confined at the Middlesex County Adult Correctional Center in New Brunswick, New Jersey[1], upon the filing of Amended Complaint raising claims pursuant to 42 U.S.C. § 1983. (ECF No. 8-2.) Based on his affidavit of indigence (ECF No. 8-8), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Amended Complaint (ECF No. 9).

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if the claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court has screened the Amended Complaint and determined that Plaintiff's claims for false arrest/imprisonment and illegal search shall proceed against Defendants Officer Ruben Martinez and Sergeant Antonio Dominguez. However, his claim against the Carteret Police

---

[1] Plaintiff was detained at the jail at the time he initially filed his Complaint, however, since that time, it appears he has been released. (*See* ECF No. 10.)

Department is dismissed with prejudice as the proper defendant for a § 1983 claim is the municipality itself, not the police department. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted). Even if the Court broadly construed the City of Carteret as a defendant, such claims would nevertheless still be dismissed without prejudice. Municipalities and other local governments can be sued directly under § 1983 where the deprivation resulted from an official policy or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, Plaintiff pleads no facts to suggest any alleged deprivation of his constitutional rights resulted from a policy or custom of the municipality; accordingly the Court can only assume he named the City due solely to its employment of the officers, which is insufficient to create liability. *Id.* at 691 (finding that while a municipality may be liable under 42 U.S.C. § 1983, it cannot be held liable on a theory of *respondeat superior*).

Accordingly, and for good cause appearing,

**IT IS** on this 9th day of December 2020,

**ORDERED** that Plaintiff's claims for false arrest/imprisonment shall **PROCEED** against Defendants Officer Ruben Martinez and Sergeant Antonio Dominguez; Plaintiff's claim for illegal search against Defendant Dominguez shall also **PROCEED**; any intended § 1983 claim against the Carteret Police Department is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted; any intended § 1983 claim against the City of Carteret is **DISMISSED WITHOUT PREJUDICE**

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Forms from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**